Taet, J.,
concurring. I concur in the judgment and would concur in the syllabus if the words “used exclusively for a public purpose” were eliminated therefrom. In my opinion, the conclusions set forth in the majority opinion are difficult to reconcile with at least paragraph six of the syllabus of and also would seem to overrule the decision in City of Cleveland v. Board of Tax Appeals, 153 Ohio St., 97, 91 N. E. (2d), 480, 16 A. L. R. (2d), 1354. See also City of Dayton v. Haines, And., 156 Ohio St., 366, 371, 102 N. E. (2d), 590, but see City of Toledo v. Jenkins et al., Board of Tax Appeals, 143 Ohio St., 141, 54 N. E. (2d), 656. Here, the portion of the property sought to be taxed admittedly has been and will be rented to private persons for operating for their profit restaurants and gasoline service stations. It is difficult to understand how such operations can be considered as exclusive uses of the property involved for public purposes or even as public utility operations. Of. In re Application for Exemption of Beal Property from Taxation: City of Columbus v. County of Delaware, 164 Ohio St., 605, 132 N. E. (2d), 747, and City of Cleveland v. Board of Tax Appeals, ante, 263. Although the monopoly power of the Turnpike Commission to keep competitors of its lessees off the turnpike may make it difficult for other private restaurants and gasoline service stations to compete with those located on the turnpike, the fact remains that such competition by restaurants and gas stations is still possible, thereby indicating the substantial commercial aspect in the use of this property. Cf. In re Bond Hill-Roselawn Hebrew School, 151 Ohio St., 70, 76, 84 N. E. (2d), 270.
However, Section 5537.20, Revised Code, specifically provides that the turnpike “commission shall not be required to pay any taxes or assessments upon any turnpike project, or *278 upon any property acquired or used by the commission under” the Turnpike Act. Thus, if it were not for paragraph two of the syllabus of City of Cleveland v. Board of Tax Appeals, supra (153 Ohio St., 97), there would be no question that this property is entitled to tax exemption. In my opinion, a mere reading of the portion of Section 2 of Article XII of the Constitution quoted in that paragraph of' the syllabus of that case clearly indicates the unsoundness of the conclusion stated in that paragraph. As the words of that constitutional provision expressly state, the.only limitation on the power of the General Assembly “to determine * * * exemptions therefrom,” i. e., from “taxation” (it could not under the words of the Constitution be exemptions from anything else), are those found in “the provisions of Article I” of the Constitution. Every conceivable argument or suggestion to the contrary was fully considered and its unsoundness demonstrated in the dissenting opinion in City of Cleveland v. Board of Tax Appeals, supra (153 Ohio St.), at pages 116 to 124, inclusive. Therefore, it is my conclusion that paragraph two of the syllabus of City of Cleveland v. Board of Tax Appeals, supra, should be overruled and replaced by a pronouncement of law by this court that, by reason of the amendment of Section 2 of Article XII of the Ohio Constitution, adopted in 1929, the General Assembly now has general power to determine exemptions from taxation, subject always to any limitations thereon that may be set forth in the provisions of Article I of the Constitution.
■ Because of the rule of stare decisis, I reach this conclusion with reluctance, although it may be noted that the only two decisions of this court, decided since City of Cleveland v. Board of Tax Appeals, supra (153 Ohio St., 97), and necessarily involving the question of law dealt with in paragraph two of its syllabus, were in each instance controlled by and specifically based upon just such a conclusion by minority members of this court. In re Application of University of Cincinnati for Exemption of Real Property from Taxation, 153 Ohio St., 142, 91 N. E. (2d), 502; In Re Application for Exemption from Taxation of Real Property of Cincinnati Metropolitan Housing Authority, 155 Ohio St., 590, 99 N. E. (2d), 761.
■ Stewart, J., concurs in the foregoing concurring opinion.